UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COLLEEN DONLIN,                     :
                                    :
        Plaintiff,                  :CIVIL ACTION NO. 3:05-CV-0585
                                    :
        v.                          :
                                    :(JUDGE CONABOY)
PHILLIPS ELECTRONICS NORTH          :
AMERICA CORPORATION d/b/a           :
PHILLIPS LIGHTINGS COMPANY,         :
                                    :
        Defendant.                  :

**MEMORANDUM**

Plaintiff Colleen Donlin ("Plaintiff") brought this action against Philips Electronics North America Corporation ("Defendant") where she worked as a temporary warehouse employee from May 13, 2002, to January 10, 2003, alleging discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).  At the close of trial on March 8, 2007, Special Interrogatories were given to the jury asking three questions: 1) whether Plaintiff proved by a preponderance of the evidence that the reasons given by Philips Lighting for not hiring her were a pretext for discrimination and that her sex was a determinative factor in the decision not to hire her; 2) whether Plaintiff proved by a preponderance of the evidence she was entitled to back pay; and 3) whether she proved by a preponderance of the evidence she was entitled to front pay.[1]  (*See* Doc. 99.)

---

[1]  In addition to front pay and back pay, Plaintiff sought punitive damages.  (*See* Doc. 1 at 8.)  The question of punitive

Because the issues of front and back pay are equitable remedies to be determined by the Court, *see Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001), as the Court had discussed previously with counsel, the jury verdict was advisory only as to those issues (Doc. 105 at 519).[2]

On March 9, 2007, the jury found Defendant had discriminated against Plaintiff on the basis of sex. (*See* Doc. 99.) In its advisory role, the jury also found Plaintiff was entitled to back pay damages of $63,050 and front pay damages of $395,795. (*Id.*)

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, when an advisory jury is used, the Court is to set out specific findings of fact and conclusions of law as to the matters submitted to the jury on an advisory basis. In accordance with Rule 52, the Court makes the following findings of fact and conclusions of law as to the issues of back pay and front pay.

### *I. Findings of Fact*

1.  On May 12, 2002, Plaintiff was placed in the position of warehouse associate at Defendant's warehouse in Mountaintop,

---

damages was not put to the jury because the Court decided as a matter of law that there was insufficient evidence to support an award of punitive damages. (Doc. 105 at 519.)

[2] Several issues arose at trial relating to damage testimony and evidence. Because of these difficulties, the Court discussed with counsel the ongoing problems and whether the case should be withdrawn from the jury to allow counsel time to properly prepare the case. (Doc. 105 at 76.) After discussion with the litigants, counsel expressed their desire to continue with the case and the Court agreed. (*Id.* at 79.)

    Pennsylvania, by Adecco, a personnel placement company.  (Doc. 105 at 41-42.)

2. Plaintiff was discharged on January 10, 2003.  (Doc. 105 at 43.)

3. Upon leaving Defendant's Mountaintop facility, Plaintiff collected unemployment compensation and looked for another job.  (Doc. 105 at 39.)

4. Plaintiff secured a full-time position at Romark Logistics where she worked until August 2005 when she accepted a position at Mission Foods (Gruma Corporation d/b/a Mission Foods).  (Doc. 105 at 74, 134.)

5. Plaintiff worked at Romark, a business about thirty miles from her house, for approximately two years.  (Doc. 105 at 135.)

6. At the time of trial in March 2007 Plaintiff was employed by Mission Foods in Mountaintop, Pennsylvania, and had worked there for one and one-half years, since August 2005.  (Doc. 105 at 38, 134.)

7. Plaintiff was forty years old at the time of trial and has some college education.  (Doc. 105 at 37.)

8. Plaintiff estimated she would have earned at the Defendant company approximately $182,923 for the years 2003 through the first two months of 2007.  (Doc. 105 at 130.)

9. Plaintiff estimated her lost pension earnings for the same

period to be approximately $9,453.[3]  (Doc. 105 at 133.)

10. Plaintiff's estimation of total pay and benefits she would have received at Philip's from the time of discharge until the time of trial is $192,376.  (Plaintiff's Exhibit 12.)

11. These figures were not presented as absolutely accurate, but as averages based in part on the earnings of an average employee with similar work habits and pension information supplied by Defendant company.  (Doc. 105 at 124, 133, 140.)

12. Plaintiff's actual earnings for the same time period were $129,326.  (Doc. 105 at 135.)

13. From this figure, Plaintiff deducted the cost of travel based on the mile differential between Defendant and Romark, a figure of $9,445 for a total actual earnings figure of $119,881.  (Doc. 105 at 136, 137.)

14. Plaintiff asserted the difference in what she actually earned and what she would have earned at Philips was $72,495.[4]  (Doc. 105 at 137.)

15. Concerning front pay, Plaintiff claims an annual pay differential of approximately $10,000.  (Doc. 105 at 137.)

16. Projecting that she would work to age sixty-five (twenty-five years), Plaintiff claims a total pay differential of $250,000.

---

[3] Plaintiff does not have a pension at Mission Foods.  (Doc. 105 at 138.)

[4] The advisory jury's back pay award of $63,050 indicates they did not allow the cost-of-travel differential of $9,445.

  (Doc. 105 at 137.)

17. For the same time period, Plaintiff estimated a pension value of $193,466. (Doc. 105 at 140.)

18. Combining these figures, Plaintiff estimated her total loss to be $443,466. (Doc. 105 at 141.)

19. Deducting $601 as a reduction based on the probability of dying, Plaintiff estimated the balance of front pay earnings to be $442,864. (Doc. 105 at 143.)

20. Plaintiff reduced this amount to present day value using a 5% interest calculation: she multiplied 5% by $442,864 and subtracted it annually for the twenty-five years arriving at a present day value of $122,845. (Doc. 105 at 144.)

## *II. Conclusions of Law*

1. If it is found that an employer has engaged in an unlawful employment practice, Title VII authorizes, *inter alia*, a back pay award. *Booker v. Taylor Milk Co.*, 64 F.3d 860, 864 (3d Cir. 1995) (citations omitted).

2. There is a presumption in favor of back pay, the intent of which is to make "persons whole for injuries suffered through past discrimination." *Id. (quoting Albermarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975)).

3. Expert testimony is not required for presentation of damage evidence. *See*, *e.g.*, *Paolella v. Browning-Ferris, Inc.*, 158 F.3d 183, 194-95 (3d Cir. 1998).

3.  Plaintiff has suffered a back pay loss of $63,050 based on the difference between the amount she earned from her discharge until the time of trial ($129,326) and the approximate amount she would have earned (including pension benefits) had she remained at Philips ($192,376).

4.  Where reinstatement is not appropriate, as is the case here, front pay is a proper remedy. *See*, *e.g.*, *Feldman v. Philadelphia Housing Auth.*, 43 F.3d 823 (3d Cir. 1994).

5.  Although front pay is by nature speculative "[t]he risk of lack of certainty with respect to projections of lost income must be borne by the wrongdoer, not the victim." *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 889 (3d Cir. 1984) (citation omitted).

6.  Front pay "is an award for a reasonable future period required for the victim to reestablish her rightful place in the job market." *Id.*

7.  The $10,000 per year approximate differential testified to by Plaintiff is a reasonable projection of future lost earnings.

8.  An award of front pay until retirement at age 65, a twenty-five year period, would be too speculative.

9.  Ten years is a reasonable period of time for the award of front pay.

10. Therefore, Plaintiff is entitled to $100,000 as compensation for lost future wages.

11. The Court also finds Plaintiff's calculation of future pension benefits using a 5% multiplier to be reasonable, with an approximate future pension loss of $70,000.
12. Therefore, Plaintiff is entitled to a front pay award of $170,000.
13. Reducing this award to present value using Plaintiff's methodology, the present value of Plaintiff's future lost earnings and benefits is approximately $101,800.[5]

### III. Conclusion

Plaintiff is entitled to a back pay award of $63,050 and a front pay award of $101,800 for a total award of $164,850. An appropriate Order follows.

S/Richard P. Conaboy<br>
RICHARD P. CONABOY<br>
United States District Judge

DATED: April 26, 2007_____

---

[5] Some disagreement exists even among experts as to the methodology used to discount an award to present value. Here, Plaintiff testified as to the method she used to arrive at the present value of the award sought. *See supra* p. 5. Defendant questioned Plaintiff about the method used and her understanding of it, but no alternate methodology was suggested. (Doc. 105 at 218-19.)

7

```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COLLEEN DONLIN,                    :
                                   :
          Plaintiff,               :CIVIL ACTION NO. 3:05-CV-0585
                                   :
     v.                            :
                                   :(JUDGE CONABOY)
PHILLIPS ELECTRONICS NORTH         :
AMERICA CORPORATION d/b/a          :
PHILLIPS LIGHTINGS COMPANY,        :
                                   :
          Defendant.               :
```

**ORDER**

**AND NOW, THIS 26th DAY OF APRIL 2007 FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. Upon a jury verdict in her favor (*see* Doc. 99), Judgment is to be entered in favor of Plaintiff on her Title VII claim of discrimination on the basis of sex;

2. The Court has determined Plaintiff is entitled to a back pay award of $63,050;

3. The Court has determined Plaintiff is entitled to a front pay award of $101,800;

4. As a result, judgment in favor of Plaintiff and against Defendant is to be entered in the total amount of $164,850.

5. Post-trial motions, including fee petitions, are to be filed in accordance with the Local Rules of Court of the Middle District of Pennsylvania and the Federal Rules of

        Civil Procedure with the time for filing to be calculated from the date of this Order;

6. The Clerk of Court is directed to close this case.

                                  S/Richard P. Conaboy
                                  RICHARD P. CONABOY
                                  United States District Judge